```
-------------------------------------------
                                          )
DOLPHIN DIRECT EQUITY PARTNERS,           )
LP and RACE CAR SIMULATION CORP.,         )
                                          )
                  Plaintiffs,             )        DEFENDANT'S AMENDED ANSWER
                                          )        FILED ELECTRONICALLY
           v.                             )
                                          )
INTERACTIVE MOTORSPORTS AND               )
ENTERTAINMENT CORPORATION,                )
PERFECT LINE, INC., RACE CAR              )
SIMULATORS, INC. and WILLIAM              )
DONALDSON                                 )
                                          )
                  Defendants.             )
-------------------------------------------
```

Defendants Interactive Motorsports and Entertainment Corporation, ("IMTS"); Perfect Line, Inc., ("Perfect Line"); Race Car Simulators, Inc., ("RCSI") and William Donaldson ("Donaldson") (collectively "Defendants"), by its counsel, George Cacoulidis, Esq., P.C., respectfully files their Amended Answer to the complaint (the "Complaint") of plaintiffs Dolphin Direct Equity Partners, LP ("Dolphin") and Race Car Simulation Corp ("Race Car Corp.") (Collectively "Plaintiffs"), as follows:

I.

## AMENDED ANSWER

### Nature of Action

1. Defendants deny the amount in controversy and state Plaintiffs waived portions of all of the Agreements, breached the Management Agreement, and acted contrary to the stated covenants of all of the Agreements and or acquiesced to the actions of the Defendants in certain matters with full

knowledge, upon which the Defendants relied thereby amending the Parties Agreements in whole or in part.

### Answer to "Jurisdiction and Venue"

2. The IMTS, Perfect Line and RCSI Defendants admit Jurisdiction. The Donaldson Defendant denies jurisdiction.

3. The IMTS, Perfect Line and RCSI Defendants admit venue is proper. The Donaldson Defendant denies venue is proper.

### Answer to "Parties"

4. The Defendants are without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 4 of the Complaint.

5. The Defendants are without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 5 of the Complaint.

6. The Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. The Defendants admit the allegations contained in paragraph 8 of the Complaint.

### Answer to the "Factual Allegations"

9. The Defendants admit paragraph 9 of the Complaint.

10. The Defendants admit paragraph 10 of the Complaint.

11. The Defendants admit paragraph 11 of the Complaint.

12. The Defendants deny paragraph 12 of the Complaint.

13. The Defendants admit paragraph 13 of the Complaint.

14. The Defendants deny paragraph 14 of the Complaint.

15. The Defendants admit paragraph 15 of the Complaint, but argue the Plaintiffs unduly influenced and coerced the Defendants to execute same.

16. The Defendants admit paragraph 16 of the Complaint.

17. The Defendants admit paragraph 17 of the Complaint, but argue the Plaintiffs unduly influenced and coerced the Defendants to execute same.

18. The Defendants deny paragraph 18 of the Complaint and argue the Plaintiffs by entering into a personal guaranty agreement with the owner and president of National Tour, Johnny Capels, for the payment of monies due under the leases terminated the Defendants obligations.

19. The Defendants deny paragraph 19 of the Complaint and argue the Plaintiffs by entering into a personal guaranty agreement with the owner and president of National Tour, Johnny Capels, for the payment of monies due under the leases terminated the Defendants obligations.

20. The Defendants admit paragraph 20 of the Complaint.

21. The Defendants admit paragraph 21 of the Complaint.

22. The Defendants admit paragraph 22 of the Complaint, but argue the Plaintiffs were fully aware of and acquiesced in the conduct of the Defendants.

23. The Defendants deny paragraph 23 of the Complaint.

24. The Defendants admit paragraph 24 of the Complaint, but deny the dates and number of simulators are correct and argue the transactions complained of are irrelevant to the Agreements and the Plaintiffs were fully aware of and acquiesced in the conduct of the Defendants.

25. The Defendants deny paragraph 25 of the Complaint and argue the Plaintiffs were fully aware of and acquiesced in the conduct of the Defendants.

26. The Defendants admit paragraph 26 of the Complaint, but argue section 5.3 speaks for itself.

27. The Defendants admit paragraph 27 of the Complaint but argue section 3 speaks for itself.

28. The Defendants deny paragraph 28 of the Complaint and argue the Plaintiffs were fully aware of and acquiesced in the conduct of the Defendants.

29. The Defendants admit paragraph 29 of the Complaint, but deny the defaults therein set forth and argue the Plaintiffs were fully aware of and acquiesced in the conduct of the Defendants.

30. The Defendants deny paragraph 30 of the Complaint.

### Answer to "First Cause of Action"

31. The Defendants deny paragraph 31 of the Complaint.

32. The Defendants deny paragraph 32 of the Complaint.

33. The Defendants deny paragraph 33 of the Complaint.

34. The Defendants deny paragraph 34 of the Complaint.

### Answer to "Second Cause of Action"

35. The Defendants deny paragraph 35 of the Complaint.

36. The Defendants deny paragraph 36 of the Complaint.

37. The Defendants deny paragraph 37 of the Complaint.

38. The Defendants deny paragraph 38 of the Complaint.

### Answer to "Third Cause of Action"

39. The Defendants deny paragraph 39 of the Complaint.

40. The Defendants deny paragraph 40 of the Complaint.

41. The Defendants deny paragraph 41 of the Complaint.

42.     The Defendants deny paragraph 42 of the Complaint.

WHEREFORE, The Defendants request (a) that nothing be taken by way of the Complaint, (b) that Plaintiffs be held strictly to their proofs, including without limitation (i) breaches by the Defendants of the Agreements, (ii) waiver and (iii) damages, (c) that The Defendants be awarded reasonable attorneys' fees and costs as the prevailing party under the Agreement, or otherwise, and (d) for any other relief for the Defendants as is correct, equitable and proper.

**Further Answers to the Complaint Including Affirmative Defenses, As Applicable**

Without admission regarding relative burdens of proof, for its further answers to the Complaint, including affirmative defenses, as applicable, the Defendants, by counsel, respectfully and affirmatively states and alleges:

1.  Conditions precedent to the Complaint have not been fulfilled, excused, satisfied, or waived.

2.  The Plaintiffs should be equitably and/or promissorily estopped from asserting the allegations of the Complaint.

3.  The Complaint fails to state any claim upon which relief can be granted, in whole or in part.

4.  Plaintiffs have failed to mitigate their damages.

5.  The Plaintiffs by their conduct waived portions of the Agreements as against the Defendants in regard to the timing of payments and the amounts thereof.

6.  The Plaintiffs by their actions released the Defendants in regard to the timing of payments and the amounts thereof.

7.  The Defendants actions and or inactions in the performance of the Most Favored Nations Clause and Non-Competition Clauses did not favor or result in more favorable treatment to the

Defendants or the operation and maintenance of other racecar simulators and related assets over the operation and maintenance of the Plaintiff's assets.

8.  The Defendants performance is objectively impossible.

9.  The Defendants performance is commercially impractical.

10. The nature of the agreements between the Defendants and the Plaintiffs were intended to be and actually are a financing transaction. In fact, the asset sale is accounted for by the Defendants as a borrowing in accordance with the Generally Accepted Accounting Principles (GAAP) guidance provided in paragraphs 21-22 of SFAS 13. As such, Plaintiffs enforcement of the Performance Guarantees, Most Favored Nations Clause and Non-Competition Clauses prevent the Defendants from conducting business in the normal course, which was unforeseen at the time of the execution of the Agreements.

11. The Performance Guarantees, Most Favored Nations Clause and Non-Competition Clauses are unduly oppressive and onerous.

12. Plaintiffs enforcement of the Most Favored Nations Clause and Non-Competition Clauses would be unjust.

13. The Defendants performance is reasonably excused as a matter of law.

14. The Defendants detrimentally relied upon the actions, statements and conduct of the Plaintiffs as to the release and waiver of the timing of payments and the amounts thereof.

15. The Plaintiffs by their own conduct breached the Management Agreement by entering into separate agreements with the individual owner and president of National Tour, Johnny Capels, for the payment of monies due under the leases thereby terminating the Defendants obligations.