USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOLPHIN DIRECT EQUITY PARTNERS, LP, :
and RACE CAR SIMULATION CORP.,         :
                                       :
                         Plaintiffs,   :
                                       :
           -against-                   :    08 Civ. 1558 (RMB) (THK)
                                       :
INTERACTIVE MOTORSPORTS AND            :    **ORDER**
ENTERTAINMENT CORPORATION,             :
PERFECT LINE, INC., RACE CAR           :
SIMULATORS, INC., and WILLIAM          :
DONALDSON,                             :
                                       :
                         Defendants.   :
------------------------------------------------------------X

**I.   Background**

On March 2, 2009, the Court entered a Decision and Order granting in part a motion for summary judgment, dated October 28, 2008, filed by Dolphin Direct Equity Partners, LP and Race Car Simulation Corp. (collectively, "Plaintiffs"), regarding Plaintiffs' claims of breach of contract against Interactive Motorsports and Entertainment Corporation, Perfect Line, Inc., Race Car Simulators, Inc. (collectively, "Corporate Defendants"), and William Donaldson, Chief Executive Officer of each of the Corporate Defendants ("Donaldson") (together with the Corporate Defendants, "Defendants"). (Decision & Order, dated Feb. 27, 2009 ("Order"), at 3.) The Court found, among other things, that Defendants breached three agreements: (i) an Asset Purchase Agreement, dated December 31, 2004, between Plaintiffs and the Corporate Defendants ("Asset Purchase Agreement"); (ii) a Management Agreement, dated December 31, 2004, between Plaintiffs and the Corporate Defendants ("Management Agreement"); and (iii) a Non-Competition Agreement, dated December 31, 2004, between Race Car Simulation Corp. and Donaldson ("Non-Competition Agreement"). (Order at 2–3, 11, 14, 18.) The Court referred

the case to United States Magistrate Judge Theodore H. Katz for "an inquest to calculate the amount of Plaintiffs' damages on their claims for breach of the [Asset] Purchase Agreement and Management Agreement against the Corporate Defendants and for breach of the Non-Competition Agreement against Donaldson in his individual capacity." (Order at 22.)

On December 18, 2009, Judge Katz issued a thorough report and recommendation ("Report") recommending, among other things, that Plaintiffs receive damages as follows: (1) $1,849,854.62 plus interest from the Corporate Defendants for their breach of the Asset Purchase Agreement and the Management Agreement; and (2) $1,051,501.45 plus interest from Donaldson for breach of the Non-Competition Agreement. (Report & Recommendation, dated Dec. 18, 2009 ("Report"), at 49.) Judge Katz further recommended that "Defendants should be jointly and severally liable for any judgment amount up to $1,051,501.45 [plus interest] and the Corporate Defendants should be liable for the remaining amount of damages – $798,353.17 . . . plus interest." (Report at 49.)

The Report advised that, "pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ['Fed. R. Civ. P.'], the parties have fourteen (14) days from service of this Report to file written objections" and "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal." (Report at 49–50); see Thomas v. Arn, 474 U.S. 140, 145, 155 (1985). To date, neither party has filed objections to the Report.

**For the reasons set forth below, the Court adopts the Report in its entirety.**

II. **Standard of Review**

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas, 474 U.S. at 149. "A judge of the court may accept, reject, or modify, in whole or in part, the

2

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

### III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted.

Having conducted a review of the Report and applicable legal authorities, the Court finds that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991); Schwartz-Liebman Textiles, a Div. of Cranston Print Works Co. v. Last Exit Corp., 815 F. Supp. 106, 107 (S.D.N.Y. 1992).

Judge Katz properly concluded that "Plaintiffs have provided a comprehensive and reasonably certain account of their damages through March of 2009, the date they submitted their damages report, as well as their damages incurred thereafter"; and that "Plaintiff[s'] estimations are supported with competent evidence, the veracity and reliability of which Defendants do not contest." (Report at 35); see Afolabi v. Jones, No. 06 Civ. 2756, 2008 WL 4890166, at *4 (E.D.N.Y. Nov. 12, 2008); see also Merrill Lynch & Co. v. Allegheny Energy, Inc., 500 F.3d 171, 185 (2d Cir. 2007).

Judge Katz also properly concluded that Plaintiffs are entitled to prejudgment interest to be computed "from January 23, 2008 through to the date of [this] judgment, at an annual rate of nine percent (9%)." (Report at 48); see Graham v. James, 144 F.3d 229, 239 (2d Cir. 1998); see also City of New York v. Coastal Oil N.Y., Inc., No. 96 Civ. 8667, 2000 WL 648365, at *2 (S.D.N.Y. May 18, 2000); N.Y. C.P.L.R. § 5001(b).

Judge Katz also properly concluded that, "in order to ensure that Plaintiffs do not double recover, Donaldson and the Corporate Defendants should be jointly and severally liable for any

judgment amount up to $1,051,501.45 [plus interest], and the Corporate Defendants should be jointly and severally liable for the remaining amount of damages owing." (Report at 44–45); see Pyramid Champlain Co. v. R.P. Brosseau & Co., 699 N.Y.S.2d 516, 522 (3d Dep't 1999).

## IV. Conclusion and Order

For the reasons set forth therein and herein, the Court adopts the Report in its entirety. Judgment is entered in favor of Plaintiffs against Interactive Motorsports and Entertainment Corporation, Perfect Line, Inc., Race Car Simulators, Inc. and Donaldson jointly and severally in the amount of $1,051,501.45 plus interest; and in favor of Plaintiffs against Interactive Motorsports and Entertainment Corporation, Perfect Line, Inc., and Race Car Simulators, Inc. jointly and severally in the amount of $798,353.17 plus interest. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       March 18, 2010

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**